[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 15, 2007
THOMAS K. KAHN
CLERK

No. 07-13068
Non-Argument Calendar

D. C. Docket No. 05-00264-CV-CAP-1

LORETTA LUKE,

Plaintiff-Appellant,

versus

ALEXANDER BROWN, JR.,
J. CLAY, #1662, et al.,

Defendants,

DEKALB COUNTY, GA,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

**(November 15, 2007)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of DeKalb County, Georgia, in an action brought under 42 U.S.C. § 1983 by Loretta Luke, the mother of Stanley Bates, who was shot and killed by Officer Alexander Brown during a confrontation between Bates, Luke, and Officers Brown and Clay. Officer Brown shot Bates three times. The first two shots fired by Brown were fired in rapid succession using a technique known as "double-tapping" or shooting in control pairs. Luke contended in the district court that DeKalb County trains its officers to use the double-tap method and that, as a matter of policy, the double-tap method is unconstitutional.

After an investigation, an internal review board determined that Brown was not justified in firing the third shot. The board, therefore, found that there was a violation of the DeKalb County Police Department policy and permitted Officer Brown to resign from the police department in lieu of being terminated.

The DeKalb County Police Department's policy under attack in this case is that deadly force can only be used when an officer or another person is being threatened with deadly force, and that the threat is imminent.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when all "pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving parties are entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

After reviewing the record, and reading the parties' briefs, we agree with the district court's finding that the policy in question is not unconstitutional regarding the use of force in dealing with suspects armed with weapons at close range. *See Tennessee v. Garner*, 471 U.S. 1,105 S. Ct. 1694 (1985). Although it is unfortunate that Officer Brown departed from the county's policy, that departure does not mean that the policy itself was unconstitutional or that it was the moving force behind the alleged constitutional violation. Accordingly, we affirm the district court's grant of summary judgment in favor of the county.

**AFFIRMED.**